# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 4, 2013

## STATE OF TENNESSEE v. ANDRE L. McKINNEY

**Direct Appeal from the Circuit Court for Dyer County**
**Nos. 09-CR-144 & -226     Lee Moore, Judge**

---

**No. W2012-02122-CCA-R3-CD - Filed October 1, 2013**

---

Defendant, Andre L. McKinney, pled guilty to criminal simulation, a Class E felony, and received a negotiated sentence of two years.  On the same day, he pled guilty to possession with intent to sell over 0.5 grams of cocaine and received a negotiated sentence of eight years, consecutive to the sentence of two years.  Ultimately, the effective ten-year sentence was suspended, and he was placed on supervised probation.  Following the filing of a probation violation warrant, the trial court conducted a hearing where Defendant and his probation officer testified.  Defendant admitted that he had used marijuana multiple times while on probation, that he had been charged with and pled guilty to misdemeanor possession of marijuana while on probation, and that he knew he was supposed to report any new charges to his probation officer but failed to do so.  The trial court revoked Defendant's probation and ordered the ten-year sentence to be served by incarceration.  Defendant asserts in his appeal that the trial court abused its discretion by revoking probation.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT and JEFFREY S. BIVINS, JJ., joined.

James E. Lanier, District Public Defender; and Timothy Boxx, Assistant Public Defender, Dyersburg, Tennessee, for the appellant, Andre L. McKinney.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen Waddell Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

Defendant's probation officer testified to several violations of the conditions of probation by Defendant, including the violations admitted to by Defendant in his testimony. Defendant was attending Dyersburg State Community College while on probation and claimed that he planned to attend a culinary school in St. Louis, Missouri. Basically, Defendant asked the trial court for another chance to address his drug use problem by going to school. Defendant's attorney asked the court to revoke his probation by incarcerating him for 60 days and then placing him back on probation.

If the trial court determines by a preponderance of the evidence that a defendant has violated conditions of probation, then the trial court may revoke the probation. Tenn. Code Ann. § 40-35-311(e) (2010). The decision to revoke is within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). An appellate court will uphold the trial court's decision to revoke probation unless there is an abuse of discretion by the trial court. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). In order to find that an abuse of discretion has occurred an appellate court must conclude that there was "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id*. Ordering incarceration is one of the options available to a trial court when it finds that probation should be revoked. Tenn. Code Ann. § 40-35-310(a).

At the conclusion of the revocation hearing, the trial court made its detailed findings from the bench. The trial court found that Defendant violated his probation by continuing to use marijuana, by being charged with and convicted of possession of marijuana and by not reporting this charge to his probation officer, and by failing to report for meetings with his probation officer on multiple occasions. The record overwhelmingly supports these findings. There was no abuse of discretion in the trial court's ruling. Defendant is not entitled to relief in this appeal. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-2-